1   LATHAM & WATKINS LLP
    MARGARET M. ZWISLER (margaret.zwisler@lw.com)
2   AMANDA P. REEVES (amanda.reeves@lw.com)
    555 Eleventh Street, N.W., Suite 1000
3   Washington, D.C. 20004
    Telephone: (202) 637-2200
4   Facsimile: (202) 637-2201

5   CHARLES H. SAMEL (SBN 182019) (charles.samel@lw.com)
    JENNIFER A. CARMASSI (SBN 221592) (jennifer.carmassi@lw.com)
6   633 West Fifth Street, Suite 4000
    Los Angeles, California 90071-2007
7   Telephone: (213) 485-1234
    Facsimile: (213) 891-8763
8
    Attorneys for Defendants ATI Technologies ULC and
9   Advanced Micro Devices, Inc.

10
    COOLEY GODWARD KRONISH LLP
11  STEPHEN C. NEAL (170085) (sneal@cooley.com)
    JOHN C. DWYER (136533) (dwyerjc@cooley.com)
12  JAMES DONATO (146140) (jdonato@cooley.com)
    WHITTY SOMVICHIAN (194463) (wsomvichian@cooley.com)
13  JEFFREY M. GUTKIN (216083) (jgutkin@cooley.com)
    101 California Street, 5th Floor
14  San Francisco, CA 94111-5800
    Telephone:    (415) 693-2000
15  Facsimile:    (415) 693-2222

16  Attorneys for Defendant NVIDIA Corporation

17

18                    UNITED STATES DISTRICT COURT

19                  NORTHERN DISTRICT OF CALIFORNIA

20

21  IN RE GRAPHICS PROCESSING UNITS          Case No.  M-07-CV-01826-WHA
    ANTITRUST LITIGATION
22                                           MDL No. 1826

23  _____

                                             **DEFENDANTS' NOTICE OF**
24  This Document Relates To:                **MOTION AND MOTION TO STAY**
                                             **DISCOVERY AND MEMORANDUM**
25  ALL ACTIONS                              **OF POINTS AND AUTHORITIES**

26                                           Hon. William H. Alsup
                                             Courtroom 9, 19th Floor
27                                           Date:  July 12, 2007
                                             Time:  8:00 a.m.
28

LATHAM&WATKINS LLP   LA\1723257.2
ATTORNEYS AT LAW
LOS ANGELES

LA\1732949.4

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...........................................................................................iii

NOTICE OF MOTION…………………………………………………………..…….....v

STATEMENT OF REQUESTED COURT ACTION.................................................. vi

PRELIMINARY STATEMENT ...................................................................................... 1

STATEMENT OF FACTS................................................................................................ 2

STANDARD OF REVIEW ............................................................................................... 4

ARGUMENT ...................................................................................................................... 5

I.     DISCOVERY SHOULD NOT PROCEED UNTIL THIS COURT
RESOLVES DEFENDANTS' MOTIONS TO DISMISS ........................................... 5

     A.     The *Twombly* Decision Strongly Supports A Stay Of Discovery. .................... 5

     B.     Other Authorities Regarding Stays of Discovery In Antitrust
Cases Are In Accord With *Twombly* And Support A Stay Of
Discovery Here. ................................................................................................... 7

     C.     *Twombly*'s Concern That Plaintiffs Present A Viable
Complaint Before Discovery May Begin Is Consistent With
The Generally Applicable Standards for Stays of Discovery........................... 8

          1.     A Stay of Discovery Will Maximize Judicial Efficiency ...................... 9

          2.     Discovery Is Not Necessary To Resolve Defendants'
Motions.................................................................................................. 10

          3.     A Stay of Discovery Will Not Prejudice Plaintiffs ............................. 10

          4.     The Complexity Of This Action Weighs In Favor Of A
Stay ....................................................................................................... 11

          5.     The Stage Of The Litigation Weighs In Favor Of A Stay
Of Discovery ........................................................................................ 11

II.     PLAINTIFFS' INFORMAL REQUEST TO REQUIRE
DEFENDANTS TO PRODUCE DOCUMENTS THAT THEY
PRODUCED TO DOJ WOULD NOT ADDRESS *TWOMBLY*'S
CONCERNS OR COMPLY WITH FEDERAL RULE OF
CRIMINAL PROCEDURE 6(E)................................................................... 12

CONCLUSION ................................................................................................................ 15

ii

1

## TABLE OF AUTHORITIES

2

### CASES

3
*Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378 (9th Cir. 1993) .......................... 10

4
*Anti-Monopoly, Inc. v. Hasbro, Inc.*, 1996 U.S. Dist. LEXIS 2684 (S.D.N.Y.
5    March 6, 1996)................................................................................................................. 8, 9

6
*Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519 (1983)..................... 4, 6

7
*Bd. of Educ. v. Admiral Heating & Ventilation, Inc.*, 513 F. Supp. 600 (N.D. Ill.
      1981). ...................................................................................................................................... 13
8

9
*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ......................................................passim

10
*Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984),........................................ 8

11
*Chavous v. D.C. Financial Responsibility & Management Assistance Authority*,
      201 F.R.D. 1 (D.D.C. 2001).................................................................................................... 9

12
*Coalition for ICANN Transparency, Inc. v. Verisign, Inc.*, 452 F. Supp. 2d 924
13    (N.D. Cal. 2006)....................................................................................................................... 8

14
*DM Research, Inc. v. College of American Pathologists*, 170 F.3d 53 (1st Cir.
15    1999) ..........................................................................................................................7, 8, 12, 13

16
*Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211 (1979)........................................................ 13

17
*Dura Pharms., Inc. v. Broudo*, 544 U.S. 336 (2005) ................................................................... 5

18
*In re Sealed Case*, 801 F.2d 1379 (D.C. Cir. 1986).................................................................... 14

19
*In re Sulfuric Acid Antitrust Litig.*, 2004 WL 769376 (N.D. Ill. 2004) ............................... 13, 14

20
*Jarvis v. Regan*, 833 F.2d 149 (9th Cir. 1987)................................................................... 4, 9, 10

21
*Kersting v. United States*, 206 F.3d 817 (9th Cir. 2000)( .......................................................... 13

22
*Little v. City of Seattle*, 863 F.2d 681 (9th Cir. 1988)............................................................. 4, 9

23
*Long v. Morris*, 2007 WL 677685 (D. Kan. Mar. 2, 2007) ....................................................... 12

24
*Medhekar v. United States District Court*, 99 F.3d 325 (9th Cir. 1996), ................................. 12

25
*Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984) ..................................................................... 10

26
*Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729 (9th Cir. 1987), .................................7

27
*RxUSA Wholesale, Inc. v. Alcon Labs., Inc.*, 2006 U.S. Dist. Lexis 92816 (E.D.
28

iii

N.Y. Nov. 28, 2006) ........................................................................................... 9

*Spencer Trask Software & Info. Servs. v. RPost Int'l*, 206 F.R.D. 367 (S.D.N.Y.
   2002) ............................................................................................................. 11, 12

*Transunion Corp. v. Pepsico*, 811 F.2d 127 (2d Cir. 1987) ................................. 10

*United States v. Dynavac, Inc.*, 6 F.3d 1407 (9th Cir. 1993) ............................... 13

*Wood v. McEwen*, 644 F.2d 797 (9th Cir. 1981) ................................................... 5

## OTHER AUTHORITIES

Memorandum from Paul V. Niemeyer, Chair, Advisory Committee on Civil
   Rules, to Hon. Anthony J. Scirica, Chair, Committee on Rules of Practice and
   Procedure (May 11, 1999), 192 F.R.D. 354, 357 (2000). ................................... 6

## RULES

Fed. R. Civ. P. 26(c). ............................................................................................. 4

Fed. R. Crim. P. 6(e)(2)(B). ................................................................................. 13

## TREATISES

5 WRIGHT & MILLER § 1216 .................................................................................. 5

*Manual for Complex Litigation, Fourth*, § 30 (2004) ............................................ 6

6 James Wm. Moore, *et al.*, MOORE'S FEDERAL PRACTICE §26.105[3][C] (2007). ..................... 8

iv

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 12, 2007 at 8:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable William H. Alsup, United States District Court, 450 Golden Gate Avenue, San Francisco, California, Defendants ATI Technologies ULC, Advanced Micro Devices, Inc. and NVIDIA Corporation (collectively, "defendants"), shall and hereby do, move this Court for an order staying all discovery in the above-referenced action pending resolution of defendants' motions to dismiss.[1]

Defendants bring this motion pursuant to Federal Rule of Civil Procedure 26(c), and *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), on the ground that plaintiffs cannot subject defendants to discovery unless and until the Court determines that plaintiffs' complaints can survive a motion to dismiss. Serious defects appear on the face of the complaints filed to date, and discovery should not proceed until the Court resolves whether plaintiffs' complaints are viable and, if so, what the permissible scope of those complaints will be.

Furthermore, this Court should not grant plaintiffs' informal request for the production of only those documents that defendants may provide (or have provided) to the Antitrust Division of the U.S. Department of Justice ("DOJ"). Plaintiffs may not seek any discovery (burdensome or not) until a viable complaint is in place. Additionally, Federal Rule of Criminal Procedure 6(e) bars discovery of the grand jury subpoena itself or the documents that defendants have produced to the DOJ pursuant to the pending grand jury investigation.

Defendants base this motion on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities attached hereto, the Declaration of Charles H. Samel filed concurrently herewith, and such other evidence and argument as they may present.

---

[1]      Defendants will confer with Interim Class Counsel and intend to move the Court for an order to shorten the time for the hearing on this motion to Thursday, July 5, 2007, or alternatively to July 9 or 10. Respectfully, Ms. Zwisler, lead trial counsel for defendants AMD and ATI, will argue the motion for defendants and cannot be present in Court on July 12.

v

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO STAY DISCOVERY
Case No. M-07-CV-01826-WHA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### STATEMENT OF REQUESTED COURT ACTION

Defendants respectfully request this Court to stay all discovery (including the disclosures that Rule 26(a)(1) requires and the production of any documents that defendants supply to the Department of Justice) until after the Court rules on defendants' motions to dismiss.

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO STAY DISCOVERY
Case No. M-07-CV-01826-WHA

**PRELIMINARY STATEMENT**

In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), the Supreme Court recognized that antitrust plaintiffs must present a viable complaint before they are entitled to proceed with discovery.  In holding that plaintiffs must in the first instance allege "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement," *Twombly* makes clear that plaintiffs cannot conduct a fishing expedition based on the mere hope that discovery will reveal evidence of viable claims for price-fixing.  *Id.* at 1965.  The Court recognized the inherent unfairness of subjecting defendants to intrusive discovery absent a viable pleading, particularly in a major antitrust matter where the discovery burdens are potentially massive.

In more than fifty complaints filed in these actions, plaintiffs base their claims solely upon the DOJ's investigation into competitive practices in the "Graphics Processing Units and Cards" industry.  But, apart from parroting the words of the Sherman Act with unsupported allegations of "conspiracy" or "agreement," plaintiffs have alleged ***no facts*** that, if proven, would establish the existence of an agreement to fix prices.  Furthermore, plaintiffs have acknowledged in submissions to this Court that they have conducted no factual investigations apart from hiring consultants.  Thus, plaintiffs know that they cannot satisfy *Twombly*'s pleading requirements.  Plaintiffs' request to open full scale discovery immediately is demonstrably not a legitimate effort to investigate existing claims supported by currently known facts, but an attempt to review the subjects that the DOJ is investigating and thereby identify things that they can allege in a consolidated amended complaint.  *Twombly* and other authorities bar plaintiffs from subjecting defendants to intrusive and potentially needless discovery in this manner before they have alleged facts sufficient to support a complaint.

Moreover, plaintiffs' call for an immediate production of only those documents that defendants have supplied to the DOJ would be plainly inconsistent with *Twombly*.  First, even assuming that plaintiffs are right that such a production would spare defendants some substantial burden, plaintiffs have no right to discovery of any kind until they have alleged viable complaints.  Second, Rule 6(e) of the Federal Rules of Criminal Procedure does not permit

1

plaintiffs to obtain the set of documents that defendants produce to the DOJ because that production would impinge upon the secrecy of the grand jury's inquiry. At the appropriate time after discovery commences, plaintiffs must provide a request for production of documents that is properly tethered to the claims and defenses in this action. At that point, defendants may not withhold responsive documents merely because they previously produced them to the DOJ. But that is a very different thing from producing documents in a manner that will reveal the scope and direction of the grand jury's inquiry as plaintiffs are requesting this Court to order.

Accordingly, this Court should stay all discovery, including Rule 26(a)(1) initial disclosures, until after it rules on defendants' motions to dismiss, and should deny plaintiffs' informal request for the production of documents that defendants may have provided to the DOJ.

## STATEMENT OF FACTS

Plaintiffs' complaints arise solely from the defendants' public announcements that each had received a subpoena from the DOJ in connection with its investigation into competitive practices in the "Graphics Processing Units and Cards" industry.[2] Within days of these public disclosures, plaintiffs Henry Truong, Stephanie Truong, Trong Nguyen, and Judd Eliasoph, each represented by the Furth firm, filed separate, but nearly identical, complaints in this Court. *See* Declaration of Charles H. Samel ("Samel Decl."), filed concurrently with this motion, at ¶3-4. Since that time, plaintiffs have filed nearly fifty additional copycat lawsuits. *Id*. at ¶6.

The plaintiffs in the vast majority of these actions purport to file their complaints on behalf of a putative class of persons who bought defendants' products indirectly, for their own use and not for resale. A much smaller number of complaints allege a class of direct purchasers. *Id*. at ¶7-8. Nearly all of the named plaintiffs in these actions are individual consumers who claim that they paid inflated prices when they purchased graphics cards that contain GPUs, or when they purchased various electronic devices that contain GPUs. *Id*. at ¶9. None of the

---

[2]    A graphics processing unit ("GPU") is a computer chip dedicated to graphics, video and multimedia processing on desktop or notebook personal computers ("PCs"). Defendants' GPUs can be built into a separate add-in graphics card or attached directly to the motherboard itself. In addition to their use in PCs, defendants' GPUs are incorporated into other types of products, including consumer electronic devices such as video game consoles, personal digital assistants, digital televisions, and mobile phones.    2

named plaintiffs is a manufacturer of graphic cards, personal computers or other consumer electronic devices that contain GPUs and graphics cards.  None of the named plaintiffs appears to be a distributor that sells GPUs to retailers or Original Equipment Manufacturers ("OEMs").  *Id*. at ¶10.

Plaintiffs' complaints allege that the defendants conspired to fix prices in violation of federal antitrust law and in violation of the state antitrust statutes and/or the consumer protection statutes of more than 40 different states.  *Id*. at ¶11.  However, none of the complaints contains any ***factual*** allegations to support a claim that the defendants allegedly agreed to fix prices in violation of the antitrust laws.  Instead, plaintiffs' complaints merely reference the fact that the DOJ has sought production of documents from defendants (*see, e.g., Henry Truong v. Nvidia Corp.*, et al., N.D. Cal. case no.: 06-7417 ("Truong Complaint"), attached as Exhibit A to Samel Decl., at ¶¶29-30), and recite, in the most conclusory terms, the language of the antitrust statutes.[3]

Plaintiffs' complaints offer no facts about the specific conduct of any particular defendant.  Other than identifying the defendants (*see id.*, at ¶¶ 8-10), the only facts alleged in the complaints concern the existence of the DOJ investigation.  *Id*. at ¶¶ 29-30.  Indeed, the only factual allegation that plaintiffs make against AMD is that AMD acquired ATI on October 25, 2006.  *Id*. at ¶10.  Plaintiffs also do not identify the contours of the alleged conspiracy in any meaningful way.  The complaints have not alleged: (a) which GPU products are the subject of the alleged agreement to fix prices; (b) when, where, or how defendants purportedly formed the alleged conspiracy; or (c) who among the defendants' employees reached the alleged agreement.  *See generally* Truong Complaint.  In short, the complaints contain no facts that would put defendants on reasonable notice of plaintiffs' claims that defendants entered into a purported

---

[3]     *See id*. at ¶35 ("Defendants and their co-conspirators have engaged in a combination, trust or conspiracy, the effect of which was to raise the prices at which they sold [GPUs and Cards] to artificially inflated levels."), ¶41 ("Defendants and their co-conspirators entered into a continuing agreement, understanding, and conspiracy in restraint of trade to artificially raise, fix, maintain, and/or establish prices for [GPUs and Cards in the U.S.], in violation of Section 1 of the Sherman Act."), and ¶42 (defendants and their co-conspirators "did those things that they combined and conspired to do," including "[t]o fix, raise, maintain and stabilize the price of Graphics Processing Units and Cards.")     3

agreement to fix prices.[4]  As counsel for defendants indicated at the initial case management

conference, moreover, many of the state law claims asserted by the indirect purchaser plaintiffs

are not actionable as a matter of law for reasons in addition to plaintiffs' failure to comply with

the requirements of Federal Rule of Civil Procedure 8.[5]

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 26(c), this Court may issue a protective order

to stay discovery for "good cause shown" in order to "protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  The Ninth

Circuit has recognized that Rule 26(c) provides district courts with broad discretion to stay all

discovery pending the resolution of a potentially dispositive motion, *see*, *e.g.*, *Little v. City of

Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), including a motion to dismiss the complaint pursuant

to Federal Rule of Civil Procedure 12(b)(6).  *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987)

---

[4]      This is not surprising since plaintiffs apparently have conducted no independent factual investigation of the alleged conspiracy.  *See* Pretrial Order No. 3C, Final Order Appointing Interim Counsel for Putative Classes, dated June 4, 2007 (Document No. 37), at 3 ("The complaints rely on no additional work (such as interviews with confidential witnesses) beyond what would be readily available from public sources and consumers.  Nor do the interim-counsel motions and declarations reveal any investigative work, under seal or otherwise, with the sole exception that each movant has hired an economics consultant.").

[5]      Indeed, only last week, in the *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, the court dismissed claims brought by indirect purchasers of DRAM chips under the antitrust laws of fourteen states, and the consumer protection laws of ten states at issue here, including California.  Order Granting in Part and Denying in Part Defendants' Motion for Judgment on the Pleadings, No. 02-1486 (N.D. Cal. June 1, 2007), attached as Ex. B to Samel Decl.  The Court held that the Supreme Court's decision in *Associated General Contractors of California Inc. v. California State Council of Carpenters*, 459 U.S. 519 (1983), required a finding that the indirect purchaser plaintiffs in fourteen states (Arizona, California, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, North Carolina, North Dakota, South Dakota, and Wisconsin) lacked antitrust standing to sue for overcharges when DRAM chips were components of the products plaintiffs purchased.  Slip Op. at 61-62.

The court in *DRAM* further held that the antitrust laws of three of the states at issue here (Alabama, Ohio, South Dakota) precluded claims by indirect purchasers for damages, regardless of whether plaintiffs purchased products containing DRAM chips, rather than the chips themselves.  *Id.* at 62.  Finally, the court dismissed claims under ten state consumer protection laws at issue here (Alaska, Idaho, Louisiana, Montana, New York, Oregon, Rhode Island, Utah, West Virginia, and Wyoming).  *Id.*  Thus, as the *DRAM* decision makes clear, a stay is particularly appropriate here because there is a strong likelihood that defendants will succeed in dismissing the majority, if not all, of the indirect purchaser plaintiffs' state law claims.

4

1  (affirming stay of discovery pending disposition of motions to dismiss where no "factual issues"

2  raised by motions); *Wood v. McEwen*, 644 F.2d 797, 801-02 (9th Cir. 1981) (affirming stay of

3  discovery pending disposition of motion to dismiss and noting that a court "may continue to stay

4  discovery when it is convinced that the plaintiff will be unable to state a claim for relief").

5       For the reasons set forth below, there is good cause for this Court to stay discovery

6  pending a decision on defendants' motions to dismiss the consolidated amended complaints.

7                              **ARGUMENT**

8  **I.   DISCOVERY SHOULD NOT PROCEED UNTIL THIS COURT RESOLVES
9       DEFENDANTS' MOTIONS TO DISMISS**

10      **A.   The *Twombly* Decision Strongly Supports A Stay Of Discovery.**

11      In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), the Supreme Court forcefully

12  reaffirmed that antitrust plaintiffs who cannot articulate a "plausible entitlement to relief" cannot

13  subject defendants to discovery.  After describing the defects in the *Twombly* complaint, the

14  Court emphasized the importance of rooting out groundless complaints before discovery begins.

15  As the Court warned, when "the allegations in a complaint, however true, could not raise a claim

16  of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum

17  expenditure of time and money by the parties and the court.'"  *Id*. at 1966 (quoting 5 WRIGHT &

18  MILLER § 1216, at 233-234).  The Court expressly recognized the "practical significance" of

19  failing to hold plaintiffs to their obligations to provide sufficient notice of their claims before

20  permitting them to engage in discovery "lest a plaintiff with 'a largely groundless claim' be

21  allowed to 'take up the time of a number of other people, with the right to do so representing an

22  *in terrorem* increment of the settlement value.'"  *Id*.  (quoting *Dura Pharms., Inc. v. Broudo*, 544

23  U.S. 336, 347 (2005)).  The Court also quoted the statement from Judge Posner that "some

24  threshold of plausibility must be crossed at the outset before a patent antitrust case should be

25  permitted to go into its inevitably costly and protracted discovery phase."  *Id.*

26      The Court further emphasized that its concerns regarding discovery are particularly acute

27  in an antitrust case because "proceeding to antitrust discovery can be expensive."  *Id*. at 1967.

28

5

As the Court observed, the substantial costs of discovery in antitrust litigation have been well documented in both prior Supreme Court precedent, *see, e.g., Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528, n.17 (1983) ("a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed"), and other relevant authorities, *see, e.g.*, *Manual for Complex Litigation, Fourth*, § 30, p. 519 (2004) (describing extensive scope of discovery in antitrust cases); Memorandum from Paul V. Niemeyer, Chair, Advisory Committee on Civil Rules, to Hon. Anthony J. Scirica, Chair, Committee on Rules of Practice and Procedure (May 11, 1999), 192 F.R.D. 354, 357 (2000) (reporting that discovery may account for as much as 90 percent of litigation costs).

Furthermore, the *Twombly* holding confirms that there will be serious questions about whether the complaints here will meet the applicable pleading requirements. *Twombly* involved a putative class of subscribers who sued their local telephone and high speed internet service providers for violations of Section One of the Sherman Act. Plaintiffs alleged that the defendants conspired to restrain trade by (1) engaging in parallel conduct to inhibit the growth of competing local carriers, and (2) agreeing to refrain from competing against one another, including by their common failure to pursue attractive business opportunities in contiguous markets. *Id.* at 1958. The Supreme Court held these allegations were insufficient.

The Court clarified that to state a Section One claim under Rule 8, the complaint must allege "enough factual matter . . . to suggest that an agreement was made." *Id.* at 1965. The Court described this obligation as requiring plaintiffs to plead facts that constitute "plausible grounds to infer an agreement." *Id.* Phrased differently, in advance of discovery, a complaint must contain "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." *Id.* In finding that the complaint at issue in *Twombly* did not meet these standards, the Court noted, *inter alia*, that the complaint "mentioned no specific time, place, or person involved in the alleged conspiracies" and "furnishe[d] no clue as to which of the four [defendants] (much less which of their employees) supposedly agreed, or when and where the

6

illicit agreement took place." *Id.* n.10. In those circumstances, the Court recognized that "a defendant seeking to respond to plaintiffs' conclusory allegations in the §1 context would have little idea where to begin." *Id.*

Plaintiffs' current complaints, based solely on the announcement of the DOJ investigations, plainly do not meet the standards set forth in *Twombly*, and it is highly doubtful that plaintiffs will be able to cure their defective pleadings, given the fact that plaintiffs' counsel have conducted no meaningful factual investigations to date. Under the ruling and rationale of *Twombly*, defendants respectfully request that the Court enter a brief stay of discovery until the Court has resolved defendants' motions to dismiss and determined whether plaintiffs have alleged sufficient additional facts to meet the threshold requirements needed to state a viable claim and commence discovery.

**B.    Other Authorities Regarding Stays of Discovery In Antitrust Cases Are In Accord With *Twombly* And Support A Stay Of Discovery Here.**

Although *Twombly* is a powerful statement on the wisdom of closely examining a complaint before antitrust discovery moves forward, it is by no means the only authority for this proposition. The Ninth Circuit has long recognized that the prospect of expensive discovery in an antitrust case may warrant a stay of discovery until the Court is satisfied that the complaint states a claim. In *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729 (9th Cir. 1987), the Ninth Circuit affirmed both the dismissal of state and federal antitrust claims, and the district court's refusal to allow plaintiff to conduct discovery for the purpose of enabling it to amend the complaint and stated that "[t]he purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Id.* at 738. "In antitrust cases," the court noted, "this procedure especially makes sense because the costs of discovery in such actions are prohibitive." *Id.* Thus, the Ninth Circuit observed that the "sounder practice" is "to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Id.*

Other courts have reached the same conclusion. For instance, in *DM Research, Inc. v.*

7

*College of American Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999), the First Circuit observed that in antitrust litigation, "the price of entry, even to discovery, is for the plaintiff to allege a *factual* predicate concrete enough to warrant further proceedings." The court further noted that "[w]hile this may mean that a civil plaintiff must do more detective work in advance, the reason is to protect society from the costs of highly unpromising litigation." *Id.* at 56. Similarly, the Seventh Circuit recognized in *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984), that "the costs of modern federal antitrust litigation and the increasing caseload of the federal courts counsel against sending the parties into discovery when there is no reasonable likelihood that the plaintiffs can construct a claim from the events related in the complaint."

*Coalition for ICANN Transparency, Inc. v. Verisign, Inc.*, 452 F. Supp. 2d 924 (N.D. Cal. 2006), is to the same effect. There the court stayed discovery because it held that Rule 8 requires the plaintiff to plead some facts to ensure defendants have "fair notice" of his claims before discovery commences because antitrust "cases are notoriously costly and protracted." *Id.* at 935; *see also Anti-Monopoly, Inc. v. Hasbro, Inc.*, 1996 U.S. Dist. LEXIS 2684, *8-10 (S.D.N.Y. March 6, 1996) (court cited high costs of antitrust discovery as support for decision to stay discovery). Each of these antitrust decisions underscores the validity of the concerns the Supreme Court expressed in *Twombly*.

### C. *Twombly*'s Concern That Plaintiffs Present A Viable Complaint Before Discovery May Begin Is Consistent With The Generally Applicable Standards for Stays of Discovery.

The decision of the Supreme Court in *Twombly* alone provides a solid basis for this Court to grant a stay of discovery until it can decide defendants' motions to dismiss in this complex antitrust case. However, each of the other considerations that courts have traditionally taken into account when deciding whether to stay discovery also weigh heavily in favor of granting a stay in this action. *See* 6 James Wm. Moore, *et al.*, Moore's Federal Practice §26.105[3][C] (2007).

The Ninth Circuit and other courts have considered a number of factors in deciding whether to stay discovery pending resolution of motions to dismiss, including: (1) whether the

8

1  stay would further the goal of efficiency for the court and litigants; (2) whether a pending motion

2  raises factual issues that require discovery for their resolution; (3) whether the plaintiff would be

3  prejudiced by a stay; (4) the nature and complexity of the action; and, (5) the stage of the

4  litigation. *See Little*, 863 F.2d at 685 (stay appropriate where it furthered "the goal of efficiency

5  for the court and litigants"); *Jarvis*, 833 F.2d at 155 (staying discovery in a RICO case pending

6  resolution of a motion to dismiss where the "complaint did not raise factual issues that required

7  discovery for their resolution."); *Anti-Monopoly*, 1996 U.S. Dist. LEXIS 2684, *7-8 (finding no

8  prejudice to plaintiff from a stay of discovery); *see also RxUSA Wholesale, Inc. v. Alcon Labs.,*

9  *Inc*., 2006 U.S. Dist. Lexis 92816, *5-6 (E.D. N.Y. Nov. 28, 2006) (staying discovery pending

10  defendants' anticipated motions to dismiss in antitrust case pursuant to joint request of parties

11  where "the nature and complexity of the action" and "the posture or stage of the litigation" were

12  the "most compelling" factors). Each of these factors weighs heavily in favor of a stay of all

13  discovery.

14  **1.    A Stay of Discovery Will Maximize Judicial Efficiency**

15  First, a stay of discovery will indisputably maximize efficiency. The Court's the ruling

16  on defendants' motions to dismiss has the potential to dispose of the entire action and eliminate

17  the need for any discovery. Plainly, if plaintiffs cannot state a viable claim under Rule 8 and the

18  *Twombly* decision, no discovery will be necessary. As the court explained in *Chavous v. D.C.*

19  *Financial Responsibility & Management Assistance Authority*, 201 F.R.D. 1 (D.D.C. 2001), "[a]

20  stay of discovery pending the determination of a dispositive motion is an eminently logical

21  means to prevent wasting the time and effort of all concerned, and to make the most efficient use

22  of judicial resources." *Id.* at 2 (quotations omitted).

23  In addition, the defendants' motion to dismiss many of the state law claims on grounds

24  other than *Twombly* may substantially alter the scope of discovery. The elimination of the claims

25  of consumer plaintiffs in some states, or under some theories, will  impact the products or groups

26  of products that will be at issue in this litigation. Commencing a massive discovery effort

27  without the benefit of this information will waste the parties' time and resources and result in the

28

9

forced disclosure of information by defendants or third parties that has no possible bearing on the litigation.  Thus, the first factor weighs decidedly in favor of a stay here.

### 2.    Discovery Is Not Necessary To Resolve Defendants' Motions

Second, there are no factual issues that require discovery prior to the resolution of defendants' motions to dismiss.  This is not a case in which, for example, the defendant challenges personal jurisdiction, or attacks the complaint on some other basis that might require a factual record before the court could dismiss the action.  The questions to be resolved here are legal, not factual.  Discovery is intended to allow parties to develop the facts underlying their claims and defenses once the court has determined that the complaint states a claim; it is not a vehicle for uncovering the claims themselves.

As the Ninth Circuit noted in affirming an order staying discovery pending resolution of a motion to dismiss, "[d]iscovery is only appropriate where there are factual issues raised by a Rule 12(b) motion."  *Jarvis*, 833 F.2d at 155; *see also Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (same).  Thus, the Ninth Circuit and other courts have held that a stay of discovery is proper during the pendency of a dispositive motion where discovery is not needed to decide that motion.  *See, e.g., Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (stay of discovery appropriate pending disposition of motions to dismiss in Eleventh Amendment immunity case where discovery sought was not relevant to motion to dismiss); *Transunion Corp. v. Pepsico*, 811 F.2d 127, 130 (2d Cir. 1987) (stay of discovery appropriate in RICO case where discovery was unnecessary to resolve pending dispositive motion).  Defendants' motions to dismiss will raise only questions of law, which compels the conclusion that this factor also weighs in favor of granting a stay of discovery.

### 3.    A Stay of Discovery Will Not Prejudice Plaintiffs

Third, a brief stay of discovery will not prejudice plaintiffs in the least.  There is no basis for plaintiffs to claim that they are suffering some irreparable injury for which they are entitled to relief.  If their complaints survive defendants' motions to dismiss, they will be entitled to prove up their case and seek damages for whatever period is covered by the conspiracy that they claim.

10

1    Moreover, given the pendency of the DOJ investigation, there is no basis for concern that

2    discoverable information will not be available to the plaintiffs if the case moves forward.  A stay

3    of discovery, therefore, will not prejudice plaintiffs' ability to prosecute this action, assuming the

4    Court does not dismiss it.

5              **4.       The Complexity Of This Action Weighs In Favor Of A Stay**

6              Fourth, the complexities of this proposed nationwide class action litigation underscore the

7    need for a stay in this matter.  Plaintiffs' complaints allege violations of federal antitrust law as

8    well as scores of state antitrust, consumer protection and common law claims.  Moreover, as the

9    Court is aware from the presentations of counsel at the initial case management conference, there

10   are multiple levels of purchasers, including OEMs, original design manufacturers, system

11   integrators, distributors, and retailers, and other purchasers of GPUs and products that contain

12   GPUs.  The markets and distribution channels for defendants' various products are complex and

13   diverse.  The defendants offer many different types and qualities of GPUs that work with a wide

14   range of personal computers and other consumer electronic devices.  The potential complexity of

15   the legal and factual issues in this case weighs heavily in favor of granting a stay of discovery

16   until the Court has determined that the consolidated complaints state actionable claims and has

17   defined the scope of those claims.

18             **5.       The Stage Of The Litigation Weighs In Favor Of A Stay Of Discovery**

19             Finally, this litigation has only just begun, and a brief stay of discovery cannot cause

20   undue delay.  If the Court grants defendants motions to dismiss in their entirety, it will dismiss

21   all of plaintiffs' claims, and, obviously, there will be no need for any discovery in this matter.  In

22   that event, any discovery that this Court has permitted plaintiffs to undertake in the interim will

23   have been an unnecessary waste of resources and will have facilitated an unwarranted intrusion

24   into defendants' business affairs.  "A stay pending determination of a dispositive motion that

25   potentially eliminates the entire action will neither substantially nor unduly delay the action

26   should it continue."  *See Spencer Trask Software & Info. Servs. v. RPost Int'l*, 206 F.R.D. 367,

27   368 (S.D.N.Y. 2002) (granting defendant's motion to stay discovery because allowing discovery

28

                                              11

while the motion to dismiss was pending "would unnecessarily drain the parties' resources").

In sum, each of the factors that courts generally consider in ruling on a motion to stay discovery strongly supports granting defendants' motion to stay discovery.[6]

## II.    PLAINTIFFS' INFORMAL REQUEST TO REQUIRE DEFENDANTS TO PRODUCE DOCUMENTS THAT THEY PRODUCED TO DOJ WOULD NOT ADDRESS *TWOMBLY'S* CONCERNS OR COMPLY WITH FEDERAL RULE OF CRIMINAL PROCEDURE 6(E)

Plaintiffs have suggested that defendants' concerns regarding the immediate commencement of discovery could be alleviated simply by requiring defendants to produce any documents they have supplied to the DOJ without awaiting this Court's resolution of the motion to dismiss. Plaintiffs have argued that such a production would entail little incremental burden beyond the efforts that defendants are expending for the DOJ's purposes. Plaintiffs' proposal is not acceptable to defendants and is legally unsound in any case.

First, defendants have a right to be free from unwarranted discovery, whether it is burdensome or not. The legal considerations that govern a court's grant of a stay of discovery are by no means limited to situations in which discovery would be onerous. Any form of discovery is an intrusion into a defendants' business affairs and, where plaintiffs have not presented a complaint that states a ground upon which the court can grant relief, plaintiffs are not entitled to scrutinize defendants' internal operations simply because they can devise a convenient means to do so. *See, e.g.*, *DM Research*, 170 F.3d at 55-56 ("[T]he factual allegations [of the

---

[6]    The stay should also extend to the initial disclosures provided for in FRCP Rule 26(a)(1). In *Medhekar v. United States District Court*, 99 F.3d 325, 328 (9th Cir. 1996), the Ninth Circuit held that the automatic stay provision contained in the Private Securities Litigation Reform Act ("PSLRA") necessarily extended to Rule 26(a)(1) initial disclosures. Significantly, the court stated that, although the PSLRA's text did not explicitly require a stay of initial disclosures, an analysis of the Federal Rules of Civil Procedure demonstrated that "initial disclosures are a subset of discovery, and that, as such, they are included in the Act's stay provision." *Id.* at 328 (analyzing the text of Rule 26 as well as the Advisory Committee Notes). The Ninth Circuit observed that "[t]he fact that the rules refer to disclosures and discovery as two distinct terms does not alter the usage of disclosures as a form of discovery any more than does the use of the distinct term alter the usage of depositions as a form of discovery." *Id.* The Ninth Circuit thus held that a stay of discovery should necessarily extend to a stay of the initial disclosure requirements required by Rule 26(a)(1). *Id. See also Long v. Morris*, 2007 WL 677685, *2 (D. Kan. Mar. 2, 2007) (stay of discovery should encompass other pre-trial proceedings including Rule 26 disclosures).

complaint] must be specific enough to justify dragging a defendant past the pleading threshold. [The] concept of 'the pleading threshold' is critical. . . . [T]he discovery process is not available where, at the complaint stage, a plaintiff has nothing more than unlikely speculations.") (internal quotations and citations omitted).

Second, even if this Court were to deny defendants' motion to stay discovery, this Court should also deny plaintiffs' request that defendants produce the grand jury subpoena itself, or obtain wholesale any set of documents that defendants produced to the DOJ.  Such documents are not immune from discovery merely because defendants produced them to the DOJ.  *See generally United States v. Dynavac, Inc.*, 6 F.3d 1407 (9th Cir. 1993); *Kersting v. United States*, 206 F.3d 817 (9th Cir. 2000)(documents produced by civil defendant to grand jury not rendered immune from valid document request to which those records are responsive in civil action simply because defendants provided same documents to grand jury).  However, the production of the actual collection of documents produced to the DOJ improperly would reveal the essence of the grand jury proceedings.  That is precisely what Rule 6(e) is designed to prevent.

Rule 6(e)(2)(B) bars disclosure of a "matter occurring before the grand jury."  Fed. R. Crim. P. 6(e)(2)(B).  The Supreme Court has explicitly recognized that "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings."  *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979).  Rule 6(e) "codifies the requirement that grand jury activities generally be kept secret."  *Id*. at 218 n.9.  Following from that principle, other courts have held Rule 6(e)(2)(B) bars a civil defendant from producing materials that it provided to the government as part of a grand jury investigation when plaintiffs in the civil action are attempting to discover the substance of a parallel grand jury proceeding.  *See generally In re Sulfuric Acid Antitrust Litig.*, 2004 WL 769376 (N.D. Ill. 2004); *Bd. of Educ. v. Admiral Heating & Ventilation, Inc.*, 513 F. Supp. 600 (N.D. Ill. 1981).

The decision in *In re Sulfuric Acid* is instructive on this point.  There, the court denied plaintiffs' motion to compel production of documents that defendants had provided to or received from any state or federal government entity "relating to Sulfuric Acid."  *In re Sulfuric*

13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Acid*, 2004 WL 769376, at *1.  It was widely known that a grand jury was simultaneously investigating the defendants for the same alleged anticompetitive conduct that was the subject of plaintiffs' civil suit.  The court held that Rule 6(e) barred defendants from producing documents to plaintiff where the asserted relevance of those documents was the mere fact defendants had also produced them in conjunction with government investigations.  *Id.* at *5 ("The issue here is whether the plaintiffs are entitled to directly seek documents merely because they were produced to the grand jury . . . .").  Otherwise, plaintiffs would learn the "direction and focus" of the investigation in violation of Rule 6(e).  *Id.*  The same is true here.  This Court should reject plaintiffs' attempt to discover the collection of documents defendants produce to the DOJ merely because they are part of a grand jury investigation.  *Cf. In re Sealed Case*, 801 F.2d 1379, 1381-32 (D.C. Cir. 1986) (Scalia, J.) (reversing decision broadly granting government's request to disclose grand jury documents to the Securities and Exchange Commission for use in a follow-on civil case because doing so would undermine the secrecy of the grand jury proceedings and remanding for the court to determine where the government could demonstrate a particularized need for specific documents).[7]

       Thus, plaintiffs may not serve a demand that defendants "produce all documents produced to the DOJ."  Instead, at the appropriate time, plaintiffs must provide a request for production of documents that is reasonably calculated to lead to admissible evidence and that tethers the discovery request to the claims and defenses in this action.  At that point, defendants would not withhold responsive documents not otherwise protected from discovery merely because defendants previously produced those documents to the DOJ.

---

[7]    In an somewhat analogous context, this Court refused to permit discovery of grand jury subpoenas for documents, and a list of exhibits presented to the grand jury, and observed that "[d]isclosure of the exhibits presented to grand jurors, persons who have seen the exhibits and a list of the materials disclosed is not solely procedural, and may reveal the essence of the grand jury proceedings."  *United States v. Diaz*, 236 F.R.D. 470, 479-80 (N.D. Cal. 2006).

14

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO STAY DISCOVERY
Case No. M-07-CV-01826-WHA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For all the foregoing reasons, defendants respectfully request that this Court stay all discovery, including Rule 26(a)(1) disclosures, until after it issues a decision on defendants' motions to dismiss.


Respectfully submitted,


Dated: June 7, 2007                              Dated: June 7, 2007


LATHAM & WATKINS LLP                    COOLEY GODWARD KRONISH LLP


By: ____/s/ Margaret M. Zwisler_____     By: ____/s/ James Donato_____
    Margaret M. Zwisler                            James Donato

Attorneys for Defendants                       Attorneys for Defendant
ATI TECHNOLOGIES ULC and              NVIDIA CORPORATION
ADVANCED MICRO DEVICES, INC.


FILER'S ATTESTATION:

Pursuant to General Order No. 45, § X(B) regarding signatures, I attest under penalty of perjury that the concurrence in the filing of this document has been obtained from its signatories.

Dated: June 7, 2007

                                                    By: _____/s/ James Donato_____
                                                            James Donato